United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| In re: | Case No. 13 B 28022 |
|---|---|
| Settlers' Housing Service, Inc. | Chapter 11 |
| Debtor. | |

# MEMORANDUM OPINION ON SCHAUMBURG BANK & TRUST'S SECOND MOTION TO LIFT THE AUTOMATIC STAY (DKT. NO. 205)

Debtor, Settlers' Housing Service Inc. ("Settlers"), filed for bankruptcy relief under chapter 11 of the Bankruptcy Code. Creditor, Schaumburg Bank and Trust Co., N.A., ("Schaumburg Bank" or "the Bank"), moved for relief from the automatic stay under § 362(d), asserting (1) lack of adequate protection of its interest in certain property of Settlers, and (2) that Debtor has no equity in the property and it is not necessary to an effective reorganization because there is no prospect of an effective reorganization.

For reasons discussed below, the stay will be modified as to some, but not all of the properties at issue in the Bank's Motion. Relief sought in this Motion will therefore be granted, in part, and denied, in part, by separate order.

## BACKGROUND

This is the Bank's Second Motion to Lift the Automatic Stay. The first motion—which sought relief from the stay on the same bases asserted in its current Motion—was ordered to pend until ordered otherwise, with the stay to remain in effect until the pending litigation on the Debtor's objection to Proof of Claim No. 12, filed as Adversary Proceeding No. 13-ap-1328 was resolved. (*See* Order on Schaumburg Bank's Motion to Lift the Automatic Stay, January 16, 2014, Dkt. No. 142.) In connection with that motion, it was found and held that (1) there was, at the time, no prospect of an effective reorganization because evidence showed that Debtor had inadequate cash flow to support a feasible plan of reorganization if the Bank's filed claim is found to be valid, but (2) Debtor may have a feasible plan if it prevails in its objection and counterclaim to the Bank's proof of claim, and (3) the Bank did not, at the time, lack adequate protection. (*See* Findings of Fact and Conclusions of Law on Schaumburg Bank's Motion to Lift the Automatic Stay, January 16, 2014, Dkt. No. 144.)

At the time the Bank's first motion was considered, Debtor had filed a Complaint against the Bank for equitable subordination under 11 U.S.C. § 510(c) and for other affirmative relief, and to object to the Bank's Proof of Claim pursuant to 11 U.S.C. § 502(b). (*See* Adv. Dkt. No. 1.). The Complaint was initially pleaded in twelve Counts, including fraud and unenforceability of the Bank's interest in one of several properties owned by the Debtor and claimed by the Bank as its collateral (known by the parties in this case as the "Washington-Taylor Property") and setoff as to the remainder of the Bank's secured claim. (*See id.*)

Since then, Debtor has filed a Third Amended Complaint, initially pleaded in fourteen counts, eight of which have now been dismissed. (*See* Adv. Dkt. Nos. 81 (order dismissing Counts 2, 4, 7, 12, 13 and 14) and 159 (order dismissing Counts 5 and 10). Remaining counts—Counts 1, 3, 6, 8, 9 and 11 of the Third Amended Complaint—were set for trial in May of 2016. (Adv. Dkt. No. 178.) Trial has since been reset to start on September 12, 2016. (*See* Adv. Dkt. No. 214.)

Remaining counts to be tried in September 2016 primarily concern the validity of the Bank's security interest in the Washington-Taylor Property. The validity of the Bank's interest in the Debtor's other eight properties (identified below) is not disputed by the litigation. While remaining Counts 1, 8 and 11 (Equitable Subordination, Setoff and Tortious Interference with Contract, respectively) could potentially diminish the amount of the Bank's claim and/or affect its interest in those other eight properties, the Debtor does not challenge the enforceability of the Bank's security interest in those properties. (*See generally* Memorandum Opinion on Schaumburg Bank's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Oct. 29, 2015, Adv. Dkt. No. 158.)

The Bank presented its Second Motion to Lift the Automatic Stay on June 14, 2016 pursuant to sections 362(d)(1) and 362(d)(2). (Dkt. No. 205.) The properties at issue consist of the following:

1. 3853 S. Clinton Avenue, Berwyn, IL (the "Clinton Property");
2. 1921 S. Harlem, Berwyn, Illinois (the "1921 S. Harlem Property");
3. 6631-35 W. 23rd Street, Berwyn, Illinois (the "6631-35 W. 23rd Street Property");

2

4. 7121 Maple Avenue, Berwyn, Illinois (the "7121 W. 34th Street Property");

5. 1915 S. Harlem Avenue, Berwyn, Illinois (the "1915 S. Harlem Property");

6. 2306 S. 17th Avenue, North Riverside, Illinois (the "2306 S. 17th Avenue Property");

7. 1111 N. Harlem, Unit 1-B, Oak Park, Illinois and 1111 N. Harlem, Unit P-1, Oak Park, Illinois (the "1111 N. Harlem Property");

8. 1518 N. Harlem Avenue, Unit 1W, River Forest, Illinois and 1518 N. Harlem Avenue, Unit S-1, River Forest, Illinois (the "1518 N. Harlem Property"); and

9. 409-411 S. Taylor Avenue and 101-103 Washington Blvd., Oak Park, Illinois (the "Washington-Taylor Property").

The Debtor has filed an Objection and Response to the Bank's Second Motion to Lift the Stay, as well as an Answer to factual allegations set forth in said Motion. (Dkt. Nos. 211, 212.) Schaumburg Bank has filed a Reply, as well as an Answer to certain defenses raised by the Debtor. (Dkt. Nos. 213, 218.)

## DISCUSSION

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and is referred here by District Court Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (G) and (O). It seeks to lift or modify the automatic stay. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### AUTOMATIC STAY RELIEF

Section 362(a) of the Bankruptcy Code provides for an automatic stay against "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor . . ." 11 U.S.C. § 362(a)(1). Section 362(d) provides,

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this

> section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section if—
>    (A) the debtor does not have an equity in such property; and
>    (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). "Although section 362(d) is written in mandatory terms, the bankruptcy court has discretion whether and to what extent it will grant relief from the stay . . . ." *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998) (citing *In re C & S Grain Co.*, 47 F.3d 233, 237–38 (7th Cir.1995)); *see also Mendoza v. Temple–Inland Mortgage Corp. (In re Mendoza)*, 111 F.3d 1264, 1270 (5th Cir. 1997) ("[B]ankruptcy courts should be afforded the latitude to fashion remedies they consider appropriate under the circumstances . . . .").

In determining whether "cause" to lift the stay exists, the Seventh Circuit has instructed bankruptcy courts to consider "the hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code." *C & S Grain Co., Inc.*, 47 F.3d at 238. Courts may consider a variety of case-specific circumstances, including the degree of prejudice that stay modification will impose on the debtor and its creditors, *see id.*, as well as the degree to which relief may be provided in the bankruptcy court. *See, e.g., Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *see also In re Feingold*, 730 F.3d 1268, 1277 (11th Cir. 2013) (collecting cases).

In this case, Schaumburg Bank argues that the stay should be lifted for cause under § 362(d)(1) because the Bank's interest in the properties is not adequately protected, in part, because the Properties do not produce sufficient income to pay necessary expenses, chief among them, the properties' real estate taxes. While income from the properties has generally been sufficient to cover most other operating and necessary expenses, net income from the properties has not been sufficient to cover the properties' annual tax liability. These numbers are reflected in the reports filed by the receiver in State court and in this Court. Settlers appears to have raised no objections to the expenses reflected in those reports or to have otherwise challenged the receiver's management of the properties in State

4

court. Schaumburg Bank appears to have been paid most, if not all property taxes due for the properties. Among all properties, the Washington-Taylor Property has the largest outstanding real estate tax liability due. It is also one of two properties with net operating losses, which the receiver so far appears to have been able to offset with net income from some of the other properties.

In response, Settlers argues that these issues have already been raised and resolved in connection with the Bank's first Motion to Lift the Stay, and that the Court's findings and conclusions made and entered in connection therewith remain applicable. However, as noted before, the only interest contested in the pending adversary proceeding concerns the Washington-Taylor Property, not so as to the remaining eight properties. Settlers' Objection and Response to this Motion focuses on the Washington-Taylor Property, but fails to offer any reason why the stay should remain in effect with respect to the other properties involved.

With respect to the Washington-Taylor Property, Settlers argues that the Bank does not have a "colorable" mortgage on the Washington-Taylor Property; arguments in this respect are at the center of the parties' upcoming trial in the adversary proceeding filed by Settlers against the Bank. There, Settlers claims that the Bank's lien claim is void under both federal and state law. Settlers has alleged fraud in the execution and unenforceability of the mortgage claimed by the Bank on the Washington-Taylor Property. Moreover, in connection with those claims, Settlers claims that authority was lacking under Illinois law even to grant a mortgage in the Washington-Taylor Property.

The basis for the latter argument is that the Washington-Taylor Property was acquired by the Debtor pursuant to the Home Investment Partnership Act ("HOME Act"), the Debtor held this property in trust for the benefit of the government and the governing documents and the incorporated rules and regulations promulgated by the related state agency restricted how the Debtor was to manage and operate this property. Therefore, the Debtor claims that authority to grant the mortgage was lacking, and such mortgage is thus void *ab initio*, as if it never existed. Settlers showed possible factual support for that

5

contention when it attempted to file a late motion for summary judgment (*see* Adv. Dkt. No. 232).

The Debtor also argues that the Bank is adequately protected because the Bank's own appraisals for the Washington-Taylor Property indicate that the Property is not declining but actually increasing in value. As to the Bank's claim that continuing expenditures in real estate taxes diminish the Bank's interest, the Debtor argues that such circumstances are self-created as the receiver was retained by the Bank itself and it was the receiver who has been and is responsible for collecting rents for the properties (which may be inadequately rented), determines how to manage the Properties and whether to pay any taxes or expenses. Settlers thus claims that lack of cash in the receivership is a self-inflicted injury and the Bank is not entitled to lift the stay when the lack of adequate protection is self-created.

In its Reply, the Bank notes that Settlers' Response focuses on the Washington-Taylor Property and does not allege any dispute as to the validity of the Bank's interest in the other properties at issue. It thus argues that, at a minimum, the stay should be lifted with respect to those properties. As to claims that negative cash flow issues or inability to cover outstanding real estate tax liabilities are self-inflicted wounds, the Bank responds that the receiver was appointed and is supervised by the State court, that Settlers did not object to such appointment nor has, since then, challenged any fees, expenditures, or raised other objections to the receiver's management of the properties in State court.

Because the validity of the Bank's interest in Washington-Taylor Property must be decided as part of the claim objections process, and because such claim objection is being litigated and is set for trial later this year in September, the stay will remain in effect as to that property. With respect to the Washington-Taylor Property, the Bank has not shown any cause why its rights and those of the Debtor and the estate would be better protected in State court, especially in the eve of trial before this Court.

As to the remaining eight properties claimed as collateral and at issue in this Motion, the Bank has sufficiently established cause to reconsider the necessity to maintain the stay in effect. Settlers has not now identified any compelling reason why the stay should remain in effect with respect to those other eight properties. Validity of the Bank's security interest in

6

those properties is not being challenged in the related adversary proceeding. Settlers' ability to succeed on other claims being litigated with respect to these other properties is highly speculative to justify denial of the relief sought by the Bank in the pending Motion. No other overriding prejudice to the Debtor or the estate has otherwise been shown by Settlers at this stage. Accordingly, cause to modify the stay to allow the Bank to proceed against those properties in State court has sufficiently been shown, and no basis for denying the Motion with respect to those properties has been established.

## CONCLUSION

For the foregoing reasons, the Motion will be granted, in part, as to eight of the nine properties at issue, and otherwise denied, by separate order.

ENTER:

_____
Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 12th day of July, 2016

JUL 1 2 2016

Case 13-28022    Doc 229    Filed 07/12/16    Entered 07/13/16 10:58:41    Desc Main
Document    Page 8 of 8

Case No. 13 B 28022
In re: Settlers' Housing Service, Inc.

# CERTIFICATE OF SERVICE

I, Dorothy Clay, certify that on JUL 1 2 2016, I caused to be served copies of the foregoing document to the following by U.S. Mail or by electronic mail to those who have consented to such service.

_____
Judicial Assistant/Deputy Clerk

## SERVICE LIST

### Electronic Service through CM/ECF System

William J Factor
Ariane Holtschlag
David Paul Holtkamp
Law Office of William J. Factor, Ltd.
105 W. Madison, Suite 1500
Chicago, IL 60602
Counsel for Debtor

Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

Francisco E Connell
Miriam R Stein
Chuhak & Tecson, P.C.
30 South Wacker Drive
Suite 2600
Chicago, IL 60606
Counsel for Schaumburg Bank & Trust Company

Douglas Chalmers
Douglas M. Chalmers, P.C.
77 West Wacker Drive, Suite 4800
Chicago, IL 60601
Counsel for Connie M. Saiger and
   John J. Frale

Elizabeth E Richert
Eugene J Schiltz
Coleman Law Firm
77 West Wacker Drive, Suite 4800
Chicago
Counsel for Robert Markay